**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

   JOHN F. ZAHER

                               Debtor.

-----------------------------------------------------------x

Chapter 7

Case No. 22-70422-ast

### MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 4001(A)(3) AND 11 U.S.C. § 362, GRANTING RELIEF FROM THE AUTOMATIC STAY

**TO:   HONORABLE ALAN S. TRUST**
        **CHIEF UNITED STATES BANKRUPTCY JUDGE**

CRAIG PERRI ("Perri"), by and through his undersigned counsel, hereby moves this Court, pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") for an Order: (i) confirming the absence of the automatic stay with respect to Perri's warrant of eviction pursuant to § 362(b)(22) or, alternatively (ii) modifying the automatic stay pursuant to § 362(d) to permit Perri to execute his warrant of eviction against the Debtor, and (iii) granting Perri such further relief as the Court deems just and proper, and respectfully represents as follows:

### BACKGROUND

1.     Perri is the owner of certain property located at 37 Birs Avenue, Lindenhurst, New York 11757 (the "Premises") pursuant to a Bargain and Sale Deed dated March 25, 2013 (the "Deed") between Perri and Marion Zaher. A certified copy of the Deed is annexed hereto as **Exhibit A**.

2.     Marion Zaher was John F. Zaher's (the "Debtor") mother, and the Debtor was present when the Deed was executed.

3.     Pursuant to the Deed, Marion Zaher reserved a life estate in the Premises, allowing her to remain residing at the Premises during her lifetime. *See* Exh. A.

4. On September, 8, 2015, Marion Zaher died and, consequently, sole ownership of the Premises passed to Perri as a matter of law.

5. In or about October of 2015, Perri agreed to allow the Debtor to reside at the Premises, rent free, for a period of time until he was able to secure alternate living arrangements. The parties never entered into a lease, and the Debtor never paid any rent or use and occupancy to Perri.[1]

6. In or about December of 2015, the Debtor, as executor of Marion Zaher's estate, challenged Perri's rightful ownership of the Premises by commencing an action in the Supreme Court, County of Suffolk, Index No. 613214/2015 ("the Supreme Court Action"). The Debtor sought, *inter alia*, an order setting aside the Deed on the grounds of fraud, forgery, undue influence and constructive trust. After the Debtor failed to comply with numerous orders and discovery demands, the Hon. Joseph Farneti granted Perri's motion to strike the Debtor's complaint, and the complaint was dismissed pursuant to CPLR 3126 by Order dated January 31, 2018. A copy of the Order is annexed hereto as **Exhibit B**.

7. Thereafter, the Debtor filed an appeal of Justice Farneti's decision with the Appellate Division, Second Department. The parties appeared for oral argument on April 16, 2019 and by Decision and Order dated August 7, 2019, the Second Department upheld the Supreme Court's determination that the Debtor failed to demonstrate a reasonable excuse for failing to comply with the Supreme Court's orders, ***and failed to demonstrate a potentially meritorious cause of action*** in the Supreme Court Action. A copy of the Second Department's Decision and Order is annexed hereto as **Exhibit C**.

---

[1] Though not immediately relevant here, Perri's adult brother, Dean Perri, also lives at the Premises with the Debtor pursuant to a similar verbal agreement with Perri made with Dean Perri that he may reside there while he searched for alternate housing.

8. On or about August 20, 2019, Perri served the Debtor (and his co-resident, Perri's brother, Dean Perri) with a 10 Day Notice to Quit, which terminated the Debtor's license to occupy the Premises, and demanded that Debtor and his co-resident relinquish possession of the Premises by September 3, 2019. A copy of the 10 Day Notice to Quit and affidavit of service of same are collectively annexed hereto as **Exhibit D**.

9. When neither the Debtor nor Dean Perri vacated the Premises by September 3, 2019, Perri commenced a holdover action in the District Court of the County of Suffolk, Second District, Index No. LT-0955-19/BA (the "Holdover Action"). The Debtor and Dean Perri were served with the Notice of Petition and Holdover Petition on September 10, 2019. Copies of the Notice of Petition and Holdover Petition are collectively annexed hereto as **Exhibit E**.

10. After trial in the Holdover Action, Judge Garrett W. Swenson found, *inter alia*, that the Debtor and Dean Perri were originally permitted to stay at the Premises pursuant to a license, which was revoked by Perri by service of the 10 Day Notice to Quit. Accordingly, by Decision After Trail dated June 2, 2020, Judge Swenson awarded Perri a judgment of possession of the Premises and a warrant of eviction for the removal of the Debtor and Perri. A copy of the Decision After Trial is annexed hereto as **Exhibit F**.

11. Despite being awarded the judgment of possession and warrant of eviction to remove the Debtor from the Premises on June 2, 2020 (*see* Exh. F), Perri was unable to execute the warrant of eviction due to New York's pause on evictions, which was in effect from March 7, 2020 through January 15, 2022.

12. Thus, Perri has been forced to pay all real estate taxes and expenses for the Premises for almost two years despite having a valid warrant of eviction, all while the Debtor has benefitted from living at the Premises completely rent free. These two rent-free years after the Holdover

Action are in addition to the over four years prior to the Holdover Action that the Debtor lived at the Premises without paying any rent or use and occupancy.

13. After the moratorium on evictions was lifted, Perri sought to execute his warrant of eviction through the Suffolk County Sheriff. However, by a letter from the Evictions Department of the Suffolk County Sheriff dated March 11, 2022, Perri was informed that the Debtor filed the instant Chapter 7 Bankruptcy Proceeding by filing a voluntary petition on March 10, 2022 (the "Petition Date") in the Eastern District of New York (the "Petition"). A copy of the Debtor's Petition is available at ECF Doc. No. 1.

14. In contravention of the spirit of Bankruptcy Code § 362(l)(4), the Debtor, as a holdover licensee of the Premises, checked "No" when asked whether he rents his residence on question 11 of the Petition. Thus, the Debtor was not prompted to answer whether his "landlord obtained an eviction judgment against [him]".[2] Accordingly, the clerk's office was unaware of the warrant of eviction and consequently did not issue the notice to Perri regarding the inapplicability of the automatic stay per § 362(b)(22).

15. Because Perri was awarded a warrant of eviction against the Debtor with respect to the Premises prior to the Petition Date, Perri is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(b)(22) and 11 U.S.C. § 362(d).

## ARGUMENT

I. **THE AUTOMATIC STAY IS INAPPLICABLE BECAUSE PERRI'S JUDGMENT OF POSSESSION AND WARRANT OF EVICTION WERE OBTAINED PRIOR TO THE PETITION DATE.**

16. Bankruptcy Code § 362(b)(22) permits

> the continuation of any eviction, unlawful detainer action, or similar

---

[2] Notably, the Debtor listed the Suffolk County Sheriff's Office as an Unsecured Creditor on Schedule E/F: Creditors Who Have Unsecured Claims, based on a "Warrant of Eviction." *See* Petition, Schedule E/F.

4

> proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

17. Thus, where a judgment of possession is obtained prior to a debtor filing a bankruptcy petition, the automatic stay does not apply unless the debtor files with the petition a certification and deposits any rent that would become due during the 30 days after the bankruptcy filing with the clerk of court pursuant to Bankruptcy Code section 362(l)(1). *See In re Winer*, 08-40476-ESS, 2008 WL 2074091, *4 (Bankr. E.D.N.Y. 2008); *see also In re Harris*, 424 B.R. 44, 52-53 (Bankr. E.D.N.Y. 2010) (finding that "if the debtor does not make the certifications with her petition, then absent some relief from the court, the filing of the debtor's petition will not operate as a stay of the continuation of the landlord's eviction proceedings").

18. Critically, "[i]t is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 U.S.C. § 362(a) nor may it be assumed by the debtor under 11 U.S.C. § 365." *In re Scarsdale Tires Inc.*, 47 B.R. 478 (Bankr. S.D.N.Y. 1985) (internal citations omitted).

19. Here, it is undisputed that the Debtor's license to reside at the Premises was terminated by the 10 Day Notice to Quit on September 3, 2019. *See* Exh. D; *see also* Exh. F ("It is uncontested that [Perri] had [the Debtor and Dean Perri] served with a 10 Day Notice to Quit the premises pursuant to RPAPL § 713(7), which terminated [the Debtor and Dean Perri's] licenses to occupy the premises…[on] 9/3/19").

20. Perri clearly obtained a judgment of possession and warrant of eviction against the Debtor prior to the Petition Date as the Decision After Trial was signed on June 2, 2020, almost two years prior to the Petition Date. *See* Exh. F. The only reason the warrant of eviction had not

been executed prior to the Petition Date was because of the moratorium on evictions put in place in response to the coronavirus pandemic. Now, the Debtor is attempting to wrongfully utilize the instant Bankruptcy Case to further prevent Perri from executing his warrant of eviction.

21. Because it is irrefutable that the Debtor did not file the Section 362(l) certification, nor did the Debtor deposit 30 days' rent with the clerk of court, the Debtor cannot seek to reinstate the automatic stay per section 362(l). *See In re Griggsby*, 404 B.R. 83, 87-88 (Bankr. S.D.N.Y. 2009); *see also In re Alberts*, 381 B.R. 171, 177 n.5 (Bankr. W.D. Pa. 2008) (finding that Section 362(l)'s safe harbor does not apply where the "judgment [of possession] arose from the Debtor's continued occupancy of the Premises as a holdover tenant after her right of occupancy expired ...").

22. Furthermore, Perri's judgment of possession and warrant of eviction are not based on any monetary default. Instead, the judgment of possession was based on the Debtor's occupancy of the Premises as a holdover licensee after his license to occupy the Premises was revoked by the 10 Day Notice to Quit. *See* Exh. E. Indeed, the Decision After Trial issued by the District Court makes no mention of a monetary default. *See* Exh. F. Thus, Bankruptcy Code Section 362(l) is not available to the Debtor because this section does not protect the Debtor from the operation of Section 362(b)(22) when the judgment of possession is based on a non-monetary default. *See In re Harris*, 424 B.R. 44, 54 (Bankr. E.D.N.Y. 2010); *see also In re Soto*, 500 B.R. 679, 682 (Bankr. S.D.N.Y. 2013).

23. Accordingly, because the Debtor's license to reside at the Premises was terminated prior to the Petition Date, and because the judgment of possession and warrant of eviction were obtained prior to the Debtor's filing of the Petition, the Petition "does not operate as a stay of the continuation of [Perri's] eviction proceedings against the Debtor…" (*see In re Winer*, 08-40476-

ESS, 2008 WL 2074091, *4 (Bankr. E.D.N.Y. 2008)), and Perri is entitled to an Order confirming the absence of the automatic stay with respect to his warrant of eviction for the Premises.

## II. PERRI IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE § 362(D).

24. Should the Bankruptcy Court determine that the circumstances here do not fall within the Bankruptcy Code § 362(b)(22) exception to the automatic stay, Perri is entitled to a modification of the automatic stay pursuant to Bankruptcy Code § 362(d).

25. Section 362(d) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> 
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> 
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> 
> > (A) the debtor does not have an equity in such property; and
> > 
> > (B) such property is not necessary to an effective reorganization.

26. While Perri bears the burden of proof on the issue of the Debtor's equity in the Premises, the Debtor has the burden of proof on all other issues. Bankruptcy Code § 362(g).

27. As fully set forth below, Perri is entitled to relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1) and (2). Perri has not received any rent or use and occupancy for the Debtor's use of the Premises since 2015, and Perri's interest in the Premises is not being adequately protected. Furthermore, New York State Courts have already determined that the Debtor's claims lack merit. Therefore, the Debtor has no equity interest (and indeed, does not even have a possessory interest) in the Premises and the Premises is not necessary to the Debtor's reorganization.

### B. CAUSE EXISTS TO MODIFY THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE § 362(D)(1).

28. Whether cause exists to modify the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the estate." *In re MacInnis*, 235 B.R. 255, 259 (Bankr. S.D.N.Y. 1998) (citing *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)); *In re Manhattan King David Restaurant, Inc.*, 163 B.R. 36, 40 (S.D.N.Y. 1993) (explaining the "term 'cause' is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case by case basis") (citing *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)).

29. Although "cause" is not defined by the Bankruptcy Code, where a claimant seeks relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

> In addition, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

30. Specifically, a bankruptcy court may modify the stay under section 362(d)(1) to permit a creditor to proceed with litigation in another forum in an attempt to regain possession of its collateral or property for cause. *See In re Burger Boys, Inc.*, 183 B.R. 682 (S.D.N.Y. 1994); *In re Diplomat Electronics Corp.*, 82 B.R. 688 (Bankr. S.D.N.Y. 1988). Under Bankruptcy Code § 362(d)(1), cause exists to modify the stay where no landlord-tenant relationship is in existence when the bankruptcy case is filed. *See Bell v. Alden Owners, Inc.*, 199 B.R. 451, 458 (S.D.N.Y. 1996); *In re Seven Stars Restaurant, Inc.*, 122 B.R. 213, 218 (Bankr. S.D.N.Y. 1990); *In re GSVC Restaurant Corp.*, 3 B.R. 491 (Bankr. S.D.N.Y. 1980), *In re GSVC Restaurant Corp.,* 10 B.R. 300 (S.D.N.Y. 1980). Moreover, the filing of a bankruptcy petition does not resurrect a landlord-tenant

relationship. *See Bell*, 199 B.R. at 458; *Seven Stars Restaurant, Inc.*, 122 B.R. at 218; *Darwin*, 22 B.R. 259, 263 (Bankr. E.D.N.Y. 1982); *In re Acorn Investments*, 8 B.R. 506 (Bankr. S.D. Cal. 1981); *In re R.R.S., Inc.,* 7 B.R. 870 (Bankr. M.D. Fla. 1980) (" . . . [T]he automatic stay provision of §362(e) [*sic*] of the Bankruptcy Code does protect the debtor's naked right of possession of the premises, but for a very limited time only… This is so because the fact that the automatic stay continues in effect and protects the naked right of possession… does not have any bearing on the continued viability of a lease agreement.").

31. Here, a judgment of possession and warrant of eviction were awarded to Perri against the Debtor with respect to the Premises in June of 2020. *See* Exh. F. Accordingly, the Debtor no longer has a possessory interest in the Premises and no landlord-tenant (or licensor-licensee) relationship exists between Perri and the Debtor. Therefore, cause exists for modifying the automatic stay to permit Perri to proceed with his eviction of the Debtor from the Premises.

32. Perri's interest in the Premises is being jeopardized by the Debtor's continued refusal to vacate while Perri is prohibited from pursuing lawful remedies to protect such interest. Due to the Covid-19 moratorium on evictions, Perri has already been forced to pay the upkeep and real estate taxes on the Premises for two years without collecting any rent or use and occupancy from the Debtor. Perri has no protection against the erosion of his interest in the Premises and no other form of adequate protection is provided. If Perri is not permitted to execute his warrant of eviction so that he may find a rent-paying tenant, Perri will continue to suffer irreparable injury and damages, and may risk losing ownership of the Premises altogether.

33. In *Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990), the Second Circuit adopted a twelve-factor analysis to determine whether the stay should be vacated or modified to permit litigation to be continued in another forum. *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah

1984), first set forth the factors, which include:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus.*, 907 F.2d at 1286. Only the relevant factors need be considered, *see In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (citing *Sonnax Indus.*, 907 F.2d at 1285), and the court need not assign the factors equal weight. *See id.* (citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992)). The court is even permitted to lift the stay *sua sponte* to allow litigation to continue in another forum. *See In re Laventhol & Horwath*, 139 B.R. 109, 116 n.6 (S.D.N.Y. 1992); *Niagara Mohawk Power Corp. v. Megan Racine Assocs., Inc. (In re Megan-Racine Assos., Inc.)*, 180 B.R. 375 (Bankr. N.D.N.Y. 1995).

34.     The only *Sonnax* factors relevant here are factors 1, 2, 4, 7, 10, 11 and 12.

**Factor 1.**

35.     Granting Perri's motion and permitting Perri to enforce his warrant of eviction and to remove the Debtor from the Premises would ultimately result in a complete resolution of the dispute regarding possession of the Premises between Perri and the Debtor. Moreover, Perri only

seeks to regain possession of the Premises and therefore there are no outstanding issues with respect to rent due and owing for the Court to address.

**Factor 2.**

36. Lifting the automatic stay so that Perri may carry out his warrant of eviction will not interfere with the Debtor's chapter 7 case. The Debtor has no lease and, because the Debtor filed his case under chapter 7, he is not attempting to reorganize. Nothing in the Bankruptcy Code entitles the Debtor to remain in the Premises after his right to occupy the Premises was terminated and a judgment of possession awarded to Perri. *See* Exh. D and F.

**Factor 4.**

37. Any claims the Debtor might have had with respect to the Premises are based upon New York State law. As the Debtor has already raised his claims before the appropriate forums, namely, the New York Supreme Court, the Second Department of the Appellate Division and the District Court of Suffolk County, the Debtor should not be permitted to re-litigate his claims here.

**Factor 7.**

38. Allowing Perri to execute his warrant of eviction would not prejudice any legitimate interests of creditors because the Debtor has no equity interest whatsoever in the Premises and Perri only seeks to regain possession of the Premises consistent with applicable state law.

**Factor 10.**

39. Judicial economy would be best served by lifting the stay to permit Perri to execute the warrant of eviction. The New York State Courts were in the best position to determine the respective rights of the parties, and did in fact determine that Perri was entitled to a judgment of possession and warrant of eviction against the Debtor with respect to the Premises. *See* Exh. F.

**Factor 11.**

40. As explained above, a trial has already been held on this issue in the Holdover Action and the trial court determined that Perri was entitled to a judgment of possession and warrant of eviction. Thus, this factor weighs heavily in favor of modifying the stay to permit Perri to enforce his warrant of eviction.

**Factor 12.**

41. The continuation of the stay prejudices Perri because the Debtor has no legal right to remain in the Premises, has not paid any rent or use and occupancy since he began occupying the Premises in 2015, and Perri's interest in the Premises is not being adequately protected. Indeed, the Debtor's bad faith is evident here because, rather than vacate the Premises at any time since the District Court awarded the judgment of possession to Perri on June 2, 2020, the Debtor continued to wrongfully occupy the Premises, waited out the moratorium on evictions and, once the moratorium was lifted, immediately filed for chapter 7 protection in order to further delay Perri from regaining possession of the Premises. Based on the foregoing, the balance of equities greatly weighs in favor of Perri.

42. For all of the foregoing reasons, Perri submits that there is sufficient cause to modify the automatic stay so that Perri may execute his warrant of eviction.

    **B.    THE STAY SHOULD BE MODIFIED PURSUANT TO BANKRUPTCY CODE § 362(D)(2) BECAUSE THE DEBTOR DOES NOT HAVE AN EQUITY IN THE PREMISES AND THE PREMISES IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.**

43. As noted above, Perri is the rightful owner of the Premises pursuant to the Deed dated March 25, 2013. *See* Exh. A. Despite the Debtor's false claim in his Petition that he has an interest in the Premises as an "equitable interest and estate beneficiary" (*see* the Debtor's Petition at Schedule A/B: Property), the New York Supreme Court and the Second Department of the

Appellate Division have determined that the Debtor's claims against Perri's sole ownership of the Premises are without merit. *See* Exh. B and Exh. C. ("To avoid the adverse impact thereof, the plaintiff was required to demonstrate a reasonable excuse for his default ***and the existence of a potentially meritorious cause of action…The plaintiff failed to make such a showing***"). Moreover, the District Court for the County of Suffolk determined that the Debtor was precluded from raising such arguments again. *See* Exh, F (finding the equitable defenses raised by the Debtor in the Holdover Action were precluded because the Supreme Court and Appellate Division had already determined on the merits that the Debtor failed to raise a meritorious cause of action for fraud, forgery, undue influence or constructive trust with respect to Perri's Deed to the Premises).

44.     Because New York State Courts have already determined that the Debtor's complaints of fraud, forgery, undue influence and constructive trust are without merit, the Bankruptcy Court is bound by the State Courts' findings and the Debtor cannot now argue (for the third time) that he has any equity in the Premises that would entitle him to continue residing there. *See In re Sanders*, 408 B.R. 25, 34 (Bankr. E.D.N.Y. 2009) (finding that the *Rooker-Feldman* doctrine prevented the bankruptcy court from disregarding foreclosure judgment); *In re Hoffman*, 403 B.R. 237, 242 (Bankr. E.D.N.Y. 2009) (quoting *In re Golio,* 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008) ("The *Rooker–Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment")).

45.     Therefore, Perri has met his burden of proving that the Debtor has no equity in the Premises (*see* Exh. F), and it is the Debtor's burden to prove that the Premises is necessary for an effective reorganization. *See In re Mount Moriah Baptist Church, Inc.*, 10-11199 (SCC), 2010 WL 1930937, *4 (Bankr. S.D.N.Y. May 12, 2010).

46. However, because the Debtor has brought this case under Chapter 7 of the Bankruptcy Code, the Debtor has elected not to seek to reorganize since "a Chapter 7 petition does not contemplate reorganization." *In re Winer*, 08-40476-ESS, 2008 WL 2074091, *5 (Bankr. E.D.N.Y. 2008) (quoting *B.N. Realty Assoc. v. Lichtenstein*, 238 B.R. 249, 258 (Bankr. S.D.N.Y. 1999)). Thus, the Premises cannot be necessary to reorganization.

47. Accordingly, Perri has established grounds to vacate the stay in the Debtor's case and Perri respectfully requests that the automatic stay imposed by Bankruptcy Code § 362(a) be vacated for cause in accordance with § 362(d)(1) or, alternatively, pursuant to § 362(d)(2) to permit Perri to pursue his rights of enforcement of the judgment of possession and the warrant of eviction

48. Additionally, Perri seeks waiver of the stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) so that Perri may immediately execute the warrant of eviction without any further delay by the Debtor.

## NOTICE PROCEDURES

49. Notice of this Motion has been given to (a) the Debtor, (b) all of the Debtor's known creditors, (c) the chapter 7 Trustee, and (d) all parties who have requested notice in this case.

## CONCLUSION

50. No prior request for the relief sought herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that the Bankruptcy Court: (i) issue an Order confirming the absence of the automatic stay with respect to Perri's warrant of eviction pursuant to § 362(b)(22) or, alternatively (ii) modify the automatic stay pursuant to § 362(d) to permit Perri to execute his warrant of eviction against the Debtor, and (iii) grant Perri such further relief as the Court deems just and proper.

Dated: Uniondale, New York
      April 1, 2022

**FORCHELLI DEEGAN TERRANA LLP**
*Attorneys for Craig Perri*

By:    */s/Gerard R. Luckman*
      Gerard R. Luckman
      333 Earle Ovington Boulevard, Suite 1010
      Uniondale, New York 11553
      (516) 248-1700